## CENTRAL NAT. BANK v. PERRY.*

(Division B.   May 26, 1924.)

[100 So. 276.   No. 24104.]

ABATEMENT AND REVIVAL.   *Bank entitled to prosecute action to judgment on merger with other bank pending suit.*

Where a suit is filed by a bank which at the time of the suit owned the cause of action, but pending the suit it merged with another corporation and thereby lost its corporate identity, and the cause of action became by the merger vested in the new corporation, it was error to direct a verdict for the defendant on the theory that the plaintiff had no cause of action because section 497, Hemingway's Code (section 717, Code of 1906), provides the cause in such case may be prosecuted to judgment in the name of the original plaintiff.

*Headnote 1.   Abatement & Revival, 1 C. J., section 213.

APPEAL from circuit court of Neshoba county.

HON. J. T. BROWN, Special Judge.

Suit by the Central National Bank against C. L. Perry. From judgment denying plaintiff's motion to substitute other bank with which it had become merged as plaintiff, plaintiff appeals.   Reversed and remanded.

*Jones & Boydstun,* for appellant.

After the trial court had sustained motion of defendant to exclude evidence and before a judgment and verdict were rendered in said cause, plaintiff below, appellant here, moved the court that it be allowed to substitute Liberty Central Trust Company as party complainant and proceed with the suit in name of Liberty Central Trust Company.   The acts of the trial court in sustaining the motion of defendant below, appellee here, to exclude evidence of appellant and granting a peremptory to said appellee, and denying the motion of appellant, to be allowed to amend and prosecute the action in the name

of the Liberty Central Trust Company is here assigned as error. Hemingway's Code, section 497 (Code 1906, section 717), expressly provides that the assignee, in case assignment made after suit brought, may prosecute the action to judgment in the name of the original party. At most the consolidation of complainant bank with another bank could not be more than an assignment.

At common law, upon the dissolution of a corporation all rights of the corporation ceased and suits by and against the corporation were abated. It is well settled that the only power able to change the common-law rule is the legislature. Our legislature, Hemingway Code, section 4084 (Code 1906, section 912), made provisions for the disposition of the property of a corporation upon dissolution of same; Hemingway's Code, section 4085 (Code 1906, section 913) makes specific provisions for the prosecution of suits by corporations, and the legislature certainly did not intend to enact a law that would penalize a corporation upon a legal consolidation with another corporation. We construe section 4085, Hemingway's Code (Code 1906, section 913) as a special act of the legislature enabling a corporation upon dissolution to close up its affairs by suit when necessary. Certainly a consolidation would not deny to a corporation rights expressly provided in case of the expiration of its charter by any other cause.

It is held "By the great weight of authority that actions, whether by or against a corporation, do not abate by reason of its consolidation." 7 R. C. L. 189, par. 160, and authorities thereunder cited. Even the authorities that hold that the suit cannot proceed in the name of the original corporation grant the right of amendment. 7 R. C. L. 189, par. 160, and authorities thereunder cited.

Upon the trial, appellee attempted by motion to deny the rights of appellant to sue in the name in which it did sue. Our statutes expressly set out that the denial of the rights of a party to sue in any given capacity, or by any given name, shall be set up by plea verified by oath.

Hemingway Code, section 1634 (Code 1906, section 1974). And a corporation suing need not prove that it is a corporation unless its corporate existence is denied by plea under oath. *Reed* v. *Benton,* 4 Howard 257; *Vicksburg Water Works Company* v. *Washington,* 1 S. & M. 536.

Our courts have held that a suit against a corporation does not abate because of the consolidation of the defendant corporation with another corporation. *Morrison* v. *American Snuff Co.,* 79 Miss. 330. The amendment here should have been allowed.

*Wilson & Dees,* for appellee.

Did the lower court commit error in excluding the evidence of plaintiff and granting the defendant a peremptory instruction? In reply to appellant's citations we submit that not one of them is in point.

The proof clearly showed that long prior to the trial of this cause, appellant consolidated with another corporation and the appellant passed out of existence, and that at the time of the taking of the depositions in this case, which was many months prior to the trial, the testimony showed that there was no such person or corporation as appellant in existence. With this information, through the depositions, appellant went to trial and at the conclusion of the testimony of appellant a motion was made and sustained from which appellant appeals. Certainly if there was any merit in the contention of appellant in this case he should have made a motion to revive or amend his declaration before trial, or at least before a motion was made and sustained to exclude the testimony and grant a peremptory instruction, neither of which was done although the motion was argued *pro* and *con* for a considerable time.

ETHRIDGE, J., delivered the opinion of the court.

The Central National Bank of St. Louis, Mo., brought suit against Dr. C. L. Perry upon three acceptances dated April 1, 1919, due four months, six months, and eight

months after date, respectively, drawn by the National Novelty Import Company on Dr. C. L. Perry, and accepted by him and assigned to the Central National Bank. The defendant pleaded the general issue and certain special pleas, alleging in the special pleas that the Central National Bank was not the *bona-fide* holder, in due course, before maturity, and without notice, and that both the Central National Bank and the National Novelty Import Company were guilty of fraud with reference to the acceptance, and that the bank well knew that said acceptances were secured by fraud, and also that there had been a complete failure of the consideration. To which special pleas replications were filed.

This suit was filed on the 23d day of December, 1919, and was returnable to the February term, 1920, of the circuit court. For some reason the cause was not tried until the February term, 1923. In the time between the filing of the suit and the trial the Central National Bank and another bank of St. Louis merged; the constituent corporation taking over the assets of each bank, and this appeared in the plaintiff's depositions. At the conclusion of the plaintiff's evidence the defendant moved the court to exclude the testimony on the part of the plaintiff and direct a verdict for the defendant, because the testimony offered on behalf of the plaintiff shows that this suit was instituted in 1919 in the name of the Central National Bank, and the testimony shows that in 1920 the plaintiff, the Central National Bank, and the Liberty Bank merged, and that from said date there was no such identity as the Central National Bank. This motion was sustained by the court below, and the plaintiff excepted. Thereupon the plaintiff moved the court to permit him to amend so as to insert the new corporation instead of the Central National Bank, which motion the court denied. From this judgment the plaintiff prosecuted this appeal

Under section 497, Hemingway's Code (section 717, Code of 1906), it is provided:

"In case of a transfer or an assignment of any interest

in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action.''

Under this section it was not necessary for the new corporation to be substituted as a plaintiff, but the action would proceed to judgment in the name of the original plaintiff, and judgment be entered thereon for the use of the real owner. It was therefore error for the court below to sustain the motion and to strike out the evidence on the motion of the defendant, and it should have permitted an amendment by the plaintiff after this question was raised and passed upon.

The judgment will therefore be reversed, and the cause remanded.

*Reversed and remanded.*